IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| REGINALD MCCLAIN, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| | : | |
| VS. | : | **28 U.S.C. § 2255 Case No.** |
| | : | 1 : 13-CV-90176 (WLS) |
| | : | |
| UNITED STATES OF AMERICA, | : | **Criminal Case No.** |
| | : | 1 : 09-CR-12 (WLS) |
| | : | |
| | : | |
| Respondent. | : | |

**RECOMMENDATION**

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255, filed on August 15, 2013 (Doc. 114), is before this Court for the issuance of a recommendation of disposition pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**Procedural History**

By means of an indictment dated July 16, 2009, the Petitioner was indicted in this Court on charges of conspiracy to possess and possession with intent to distribute cocaine base and cocaine. (Doc. 1). Petitioner entered a guilty plea to one count of conspiracy to possess with intent to distribute cocaine base on June 2, 2010. (Docs. 69, 70). On March 24, 2011, Petitioner was sentenced to 262 months imprisonment followed by 5 years supervised release, based in part on findings that Petitioner was a career offender. (Docs. 93, 94, 96). On April 8, 2011, the Petitioner filed a Notice of Appeal. (Doc. 98). The Eleventh Circuit Court of Appeals granted

the United States' Motion to Dismiss Petitioner's appeal based on the appeal waiver in his plea agreement and affirmed Petitioner's conviction as to his guilty plea on May 14, 2012.  (Doc. 113).  Petitioner filed his Motion to Vacate on August 15, 2013.  (Doc. 114).

In his § 2255 motion, Petitioner alleges in part that the passage of the Fair Sentencing Act of 2010 removed the application of certain mandatory minimum sentencing requirements, requiring that his sentence be vacated and Petitioner re-sentenced.  (Doc. 114).  Both parties have filed briefs in support of their positions.  (Docs. 115, 118).

In response to Petitioner's § 2255 Motion, the government states that

> [o]n August 3, 2010, the Fair Sentencing Act of 2010 (FSA) was signed into law.  The FSA established new quantity thresholds triggering statutory mandatory minimum and maximum penalties for crack cocaine offenses.  Under the FSA, the threshold quantity triggering the ten-year mandatory minimum was changed from fifty grams of crack cocaine to two hundred-eighty grams of crack cocaine.  Thus under the new penalties put in place by the FSA, a defendant like McClain, who was convicted of possessing with intent to distribute more than 28 but less than 280 grams of crack cocaine, would, instead, be subject to a statutory mandatory minimum sentence of five years up to a statutory maximum of 40 years.

(Doc. 118, pp. 5-6).

The government goes on to waive any contention that Petitioner's FSA claim is procedurally defaulted, and "acknowledges that it is proper for this Court to determine an appropriate sentence for McClain using a five-year mandatory minimum rather than the ten-year mandatory minimum that was used when he was initially sentenced." (Doc. 118, pp. 11-12).

## Legal Standards

Section 2255 provides that:

> a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

If a prisoner's 2255 claim is found to be valid, the Court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.*

WHEREFORE, inasmuch as the government concedes that the Petitioner's sentence was not calculated properly, it is recommended that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 114 ) be **GRANTED**, and that Petitioner be resentenced in light of the new mandatory minimums put in place by the FSA. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 18th day of February, 2014.

                                                     s/   ***THOMAS Q. LANGSTAFF***
                                                     UNITED STATES MAGISTRATE JUDGE